UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL SNIDER, | : | CIVIL NO: 4:13-CV-01226 |
| | : | |
| Plaintiff | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| WARDEN JAQUELINE MOTTER, *et al.*, | : | |
| | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Introduction.**

The plaintiff, a prisoner proceeding *pro se* and *in forma pauperis,* filed an amended complaint.  He also filed a motion to preserve elements of his original complaint.  Further, he filed a motion for a temporary restraining order.  After screening the amended complaint, we recommend that one of the sixteen defendants be dismissed.  Because the plaintiff has been granted ample time to file his amended complaint, we also recommend that his motion to preserve elements of his original complaint be denied.  We further recommend that the plaintiff's motion for a temporary restraining order be denied.

**II. Background and Procedural History.**

The plaintiff, Joel Snider, began this action by filing a complaint naming as defendants 68 individuals including Governor Tom Corbett; two judges; the current and a former Attorney General of Pennsylvania; several attorneys and other employees of the Pennsylvania Attorney General's Office; the District Attorney of Union County; a psychiatrist; several Pennsylvania State Police troopers; the Pine Creek Township Police Department; the Warden of the Union County Prison; the Deputy Warden and several other officers and employees of the Snyder County Prison; and the Warden, Deputy Warden, and several other officers and employees of the Clinton County Correctional Facility.   Snider set out a plethora of claims in his complaint, which consisted of over 300 numbered paragraphs.   The claims related to Snider's criminal prosecution and his confinement at three different correctional facilities.

After screening the complaint and concluding that it failed to comply with Fed.R.Civ.P. 8 and Fed.R.Civ.P. 20, we granted Snider leave to file an amended complaint.   Snider sought and was granted numerous extensions of time to file his amended complaint.   Finally, on October 23, 2014, more than a year after being granted leave to amend, Snider filed an amended complaint.   The amended complaint asserts claims based on events that happened while Snider was a pretrial

2

detainee at the Clinton County Correctional Facility (CCCF), and it names as defendants 15 officials or employees of the CCCF. Prior to Snider being confined at the CCCF, he was confined at the Snyder County Prison, and before that, he was confined at the Union County Prison.[1] The amended complaint also names as a defendant Doug Shaffer, the Warden of the Union County Prison. Snider alleges that although he was housed at different facility, he was nevertheless in Warden Shaffer's custody during the time of the events complained of in his amended complaint. But, as discussed below, Snider has not alleged facts from which it can reasonably be inferred that Warden Shaffer was personally involved in the events that Snider complains of in his amended complaint. Thus, we recommend that the claims against Warden Shaffer be dismissed. By a separate Order, we have directed the Marshal to serve the amended complaint on the remaining defendants named in the amended complaint.

In addition to filing an amended complaint, Snider also filed a motion to preserve elements of his original complaint. Because Snider had ample time to file his amended complaint and he did not include in his amended complaint the claims that he is now seeking to preserve, we recommend that this motion be denied.

---

[1] After the CCCF, Snider was housed at the State Correctional Institution (SCI) at Coal Township, then SCI-Camp Hill, and now he is housed at SCI-Greene.

Snider was briefly confined at the State Correctional Institution at Camp Hill.

While confined there, he filed a motion for a temporary restraining order and a brief

in support of that motion complaining about conditions and events at SCI-Camp

Hill.   Since Snider is no longer confined at SCI-Camp Hill, as discussed below, his

motion for a temporary restraining order should be denied.

**III. Screening of Amended Complaint.**

**A. Screening of *In Forma Pauperis* Complaints—Standard of Review.**

This Court has a statutory obligation to conduct a preliminary review of *pro se*

complaints brought by prisoners given leave to proceed *in forma pauperis* in cases

that seek redress against government officials.   Specifically, we are obliged to

review the amended complaint in accordance with 28 U.S.C. § 1915A, which

provides, in pertinent part:

> **(a) Screening.**—The court shall review, before docketing, if
> feasible or, in any event, as soon as practicable after docketing, a
> complaint in a civil action in which a prisoner seeks redress from
> a governmental entity or officer or employee of a governmental
> entity.
> **(b) Grounds for dismissal.**—On review, the court shall identify
> cognizable claims or dismiss the complaint, or any portion of the
> complaint, if the complaint—
> > **(1)** is frivolous, malicious, or fails to state a claim upon
> which relief may be granted; or
> > **(2)** seeks monetary relief from a defendant who is immune
> from such relief.

Under Section 1915A, the court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler,* 578 F.3d at 211. "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint

5

are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir. 1994). A court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010)(quoting *Iqbal,* 556 U.S. at 675 & 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

### B. The Amended Complaint Fails to State a Claim Upon Which Relief May Be Granted Against Defendant Shaffer.

Snider does not allege facts in his amended complaint from which it can reasonably be inferred that Warden Shaffer was personally involved in the events set forth in the amended complaint.

Liability under Section 1983 "'cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1998)). Thus, a constitutional deprivation cannot be premised merely on the fact that the defendant was a prison

supervisor when the incidents set forth in the complaint occurred. *See Alexander v. Forr*, 297 F. App'x 102, 104-05 (3d Cir. 2008). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).

There are two viable theories of supervisory liability. *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010). Under the first theory, a supervisor can be liable if he or she established and maintained a policy, practice, or custom that directly caused the constitutional harm. *Id.* Under the second theory, a supervisor can be liable if he or she participated in violating the plaintiff's rights, directed others to violate the plaintiff's rights, or as the person in charge had knowledge of and acquiesced in his or her subordinates' violations of the plaintiff's rights. *Id.*

Defendant Shaffer is the Warden of the Union County Prison. Snider's amended complaint, however, contains only claims about events and conditions at the CCCF. Although Snider alleges that he was nevertheless in Warden Shaffer's custody during the time of the events complained of in his amended complaint, he has not alleged facts to support that assertion. Similarly, although Snider alleges, "upon information and belief," that Shaffer, among others, was responsible for his transfer from the CCCF to SCI-Coal Township, he has not alleged facts to support

8

that assertion. Snider also alleges that he wrote to defendant Shaffer about the events and conditions at the CCCF, but letters that Snider may have written to Warden Shaffer about events at a prison different from the one where Shaffer is the Warden are not sufficient to show personal involvement on the part of Warden Shaffer. In sum, Snider has not alleged facts from which it can reasonably be inferred that defendant Shaffer was personally involved in the events complained about in the amended complaint. Accordingly, the amended complaint fails to state a claim upon which relief may be granted against defendant Shaffer.

### C. Snider Should Not Be Granted Further Leave to Amend and His Motion to Preserve Elements of his Original Complaint Should Be Denied.

Before dismissing a complaint for failure to state a claim upon which relief may be granted under the screening provision of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). When we screened the complaint, we pointed out to Snider that a defendant cannot be liable under the theory of respondeat superior, and we granted Snider leave to file an amended complaint. Further, we granted Snider extensions

of time of more than a year to file his amended complaint.   Granting Snider further leave to amend in this case would be futile.

Snider filed a motion asking to preserve elements of his original complaint relating to events at the Snyder County Prison and actions taken by Frank Fina, Esquire in connection with the prosecution of Snider.   Snider states that he does not know how to present these claims.   But Snider was given more than a year to file his amended complaint, and he filed an amended complaint that has nothing to do with the Snyder County Prison or the actions of Fina.   Thus, we recommend that Snider's motion to preserve elements of his original complaint be denied.[2]

**IV. Motion for a Temporary Restraining Order.**

Snider filed a motion for a temporary restraining order regarding events and conditions at SCI-Camp Hill.

A motion for preliminary injunctive relief is governed by Rule 65[3] of the Federal Rules of Civil Procedure and is judged against exacting legal standards.   To

---

[2] By a separate order, we granted Snider's motion for the appointment of counsel conditioned on finding counsel willing to represent Snider.   If counsel enters an appearance on behalf of Snider, counsel may file any appropriate motions including an appropriate motion for leave to amend.

[3] Pursuant to Fed.R.Civ.P. 65(a)(1), a "court may issue a preliminary injunction only on notice to the adverse party."   In contrast, a "court may issue a temporary restraining

obtain a preliminary injunction or a temporary restraining order, a party "must satisfy the traditional four-factor test: (1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief." *Miller v. Mitchell,* 598 F.3d 139, 147 (3d Cir. 2010).

Preliminary injunctive relief is not granted as a matter of right. *Kershner v. Mazurkiewicz*, 670 F.2d 440, 443 (3d Cir. 1982); see also *Thomas v. Pennsylvania Dep't of Corr.*, 3:13-CV-2661, 2014 WL 3955105, at *1 (M.D. Pa. Aug. 13, 2014)("An injunction is an 'extraordinary remedy' that is never awarded as of right."). Rather, the decision to grant or deny such relief is committed to the discretion of the district court. *United States v. Price*, 688 F.2d 204, 210 (3d Cir. 1982). Preliminary injunctive relief is an extraordinary remedy that places precise burdens on the moving party, and "[t]he preliminary injunction must be the only way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). "It has been well stated that upon an application for a preliminary injunction to doubt is to deny." *Madison Square*

---

order without written or oral notice to the adverse party or its attorney" if certain conditions are met. Fed. R.Civ. P. 65(b)(1).

*Garden Corp. v. Braddock*, 90 F.2d 924, 927 (3d Cir. 1937). Further, where the requested preliminary injunctive relief "is directed not merely at preserving the *status quo* but . . . at providing mandatory relief, the burden on the moving party is particularly heavy." *Punnett v. Carter,* 621 F.2d 578, 582 (3d Cir. 1980). Mandatory injunctions should be used sparingly. *United States v. Price,* 688 F.2d 204, 212 (3d Cir. 1982). Indeed, a request for mandatory proactive injunctive relief in the prison context "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper,* 60 F.3d 518 (3d Cir. 1995)(quoting *Rogers v. Scurr,* 676 F.2d 1211, 1214 (8th Cir. 1982)).

These limitations on the power of courts to enter injunctions in a correctional context are further underscored by statute. Specifically, preliminary injunctive relief in a civil action with respect to prison conditions, such as the action here, must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. *See* 18 U.S.C. § 3626(a)(2). Further, in considering a motion for preliminary injunctive relief, the court must give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. *Id.*

For an inmate to sustain his burden of proof that he is entitled to preliminary injunctive relief under Fed.R.Civ.P. 65, he must demonstrate both a reasonable likelihood of success on the merits and irreparable harm if the requested relief is not granted. *Abu-Jamal v. Price,* 154 F.3d 128, 133 (3d Cir. 1998); *Kershner,* 670 F.2d at 443. "As these elements suggest, there must be 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (quoting *Little v. Jones,* 607 F.3d 1245, 1251 (10th Cir. 2010)(quoting *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994)). "To establish a reasonable probability of success on the merits, the moving party must produce sufficient evidence to satisfy the essential elements of the underlying cause of action." *Sutton v. Cerullo*, 3:CV-10-1899, 2014 WL 3900235, at *5 (M.D. Pa. Aug. 8, 2014). To establish irreparable injury, "the moving party must establish that the harm is imminent and probable." *Stilp v. Contino*, 629 F. Supp. 2d 449, 466 (M.D. Pa. 2009). "The mere risk of injury is not sufficient to meet this standard." *Id.* And the burden of showing irreparable injury "is not an easy burden" to meet. *Moore v. Mann*, 3:CV-13-2771, 2014 WL 3893903, at *2 (M.D. Pa. Aug. 7, 2014). In assessing a motion for preliminary injunctive relief, the court must also consider the harm to the defendants and whether granting

13

the preliminary injunction will be in the public interest. *New Jersey Retail Merchants Ass'n v. Sidamon-Eristoff*, 669 F.3d 374, 388 (3d Cir. 2012).

Judged against these exacting standards, Snider's motion for a temporary restraining order fails. At the outset, we note that Snider's motion for a temporary restraining order has nothing to do with the claims that he asserts in his amended complaint. The amended complaint contains claims about events that happened at the CCCF. In contrast, Snider's motion for a temporary restraining order deals with events and conditions at SCI-Camp Hill. Thus, there is no relationship between the injuries claimed in Snider's motion and the conduct he complains about in his amended complaint, as is required to prevail on a motion for preliminary injunctive relief.

Further, since Snider is no longer incarcerated at SCI-Camp Hill, he is no longer subject to the conditions at that prison, and there is no reasonable basis to infer that he will again be subject to those conditions in the foreseeable future. Thus, Snider generally cannot show that he will be irreparably injured if his motion for a temporary restraining order is not granted. We note that in addition to complaining about conditions at SCI-Camp Hill, Snider contends that his legal property was taken from him at SCI-Camp Hill, and he seeks the return of that property. He asserted that he needed that property to file his amended complaint

14

and to prosecute this case.[4] But Snider has since filed his amended complaint, and to the extent that he is contending that SCI-Camp Hill still has some of his legal property, he may seek access to, or copies of, such property by way of a subpoena during discovery. Thus, at this point, Snider has not shown that he will be irreparably injured if his motion for a temporary restraining order is not granted.

In sum, Snider has not demonstrated that he is entitled to the extraordinary relief that he seeks. An assessment of the factors which govern issuance of such relief under Fed.R.Civ.P. 65 weighs against Snider and compels us to recommend that the Court deny his motion for a temporary restraining order.

## V. Recommendations.

For the foregoing reasons, it is recommended that the claims against defendant Shaffer be dismissed. It is further recommended that Snider's motion (doc. 59) to preserve elements of his original complaint be denied. It is also recommended that Snider's motion (doc. 48) for a temporary restraining order be denied. Finally, it is recommended that the case be remanded to the undersigned for further proceedings.

---

4 Snider contends that the property that was not returned to him includes documents that purportedly show that he exhausted his administrative remedies with the CCCF. *See Doc. 62* at 2-5.

Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.   Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.   The briefing requirements set forth in Local Rule 72.2 shall apply.   A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.   The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.   The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 4th day of November, 2014.

S/Susan E. Schwab
Susan E. Schwab
United States Magistrate Judge
