IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL SNIDER, | : | |
| Plaintiff | : | No. 4:13cv1226 |
| | : | |
| vs. | : | Honorable Matthew W. Brann |
| | : | |
| WARDEN JACQUELINE MOTTER, et al., | : | (Electronically Filed) |
| | : | |
| Defendants | : | |

## DEFENDANT CLINTON COUNTY CORRECTIONAL FACILITY'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56

In support of its Motion for Summary Judgment or Partial Summary Judgment Defendant Clinton County Correctional Facility submits that there is no genuine issue to be tried as to the following material facts:

1. The Clinton County Correctional Facility (CCCF) is a correctional facility owned and operated by Clinton County, Pennsylvania. (Doc. 222, Second Amended Complaint, Page 3, Paragraph 5; Doc. 241, CCCF Answer, Page 1, Paragraph 5);

2. Plaintiff Joel Snider (Snider) was temporarily housed as a pre-trial detainee at the CCCF from December 6, 2012 to May 7, 2013. (Doc. 222, Second Amended Complaint, Page 5, Paragraph 19; Doc. 241, CCCF Answer, Page 2, Paragraph 19);

3. At the time of intake at the CCCF Snider was an individual who had been diagnosed with certain mental disorders, to include depression and chronic paranoid schizophrenia. (Doc. 222, Second Amended Complaint, Page 5, Paragraph 20; Doc. 241, CCCF Answer, Page 2, Paragraph 20; Snider Deposition, Exhibit 1, Medical Record, See Attachment 1)

4. After intake at the CCCF Snider was examined and treated by Dr. Terri Calvert, a psychiatrist, on December 12, 2012, December 21, 2012, February 15, 2013 and April 5, 2013. (Snider Deposition, Pages 19-25 & Exhibit 1, Medical Record; Defendants' Response to Plaintiff's Request for Production of Documents, See Attachment 1)

5. On February 28, 2013 Defendant Corrections Officer Ronald Nolte (Nolte) filed a misconduct charge (#394) against Snider for violations of the CCCF's policies and procedures, to include disobeying verbal orders from staff, disorderly conduct and disrupting normal routine. (Nolte Deposition, Pages 44-48 & Exhibit 3, Misconduct Report & Related Documents, Defendants' Response to Plaintiff's Request for Production of Documents, See Attachment 2)

6. As a result of said misconduct charge, Defendant Lieutenant Adam Smith (Smith) ordered that Snider be removed from his cell and transferred to L Block, the Administrative Housing Unit, pending a misconduct hearing. (Smith

Deposition, Pages 64 – 68 & Exhibit 6, Misconduct Report & Related Documents, Defendants' Response to Plaintiff's Request for Production of Documents, See Attachment 3)

7. Snider was handcuffed and shackled by Defendants Corrections Officers Tyler Walker (Walker) and Joshua Richard (Richard) and transported to L Block. During the transport, a struggle ensued resulting in Snider being carried / dragged by his arms to L. Block. (Richard Deposition, Pages 45-52, See Attachment 4)

8. Following a misconduct hearing held on March 4, 2013, Snider was found guilty of the misconduct and given five days of Disciplinary Segregation. (Smith Deposition, Exhibit 6, See Attachment 3)

9. On April 5, 2013 Defendant Corrections Officer Shearer (Shearer) filed two misconducts against Snider for violations of the CCCF's policies and procedures, to include (#608) disobeying written or verbal orders from staff, disorderly conduct, threatening or abusive language, disrupting normal routine and insolence or disrespect to staff and (#609) disobeying written or verbal orders from staff, destruction of county property, disorderly conduct, and disrupting normal routine. (Shearer Deposition, Pages 47-56; Smith Depositions, Exhibits 10 & 11, Misconduct Report & Related Documents,

Defendants Response to Plaintiff's Request for Production of Documents, See Attachment 5)

10. As a result of said misconduct charges, Lt. Smith ordered that Snider be removed from his cell and transferred to L Block, the Administrative Housing Unit, pending a misconduct hearing. (Smith Deposition, Pages 60-64; Nolte Deposition, Exhibit 3, Misconduct Report & Related Documents, Defendants' Response to Plaintiff's Request for Production of Documents, See Attachments 2 & 3)

11. Snider refused to come to the door of his cell to be handcuffed in preparation for his transport to L Block. (Smith Deposition, Pages 60-64, See Attachment 3)

12. As a result, a team of six Corrections Officers was formed to extract Snider from his cell and transport him to L Block. (Smith Deposition, Pages 60-64, See Attachment 3)

13. During the cell extraction the Corrections Officers sprayed Snider with pepper spray, struggled with him to handcuff and shackle him and carried him to L Block. (Smith Deposition, Pages 60-64, See Attachment 3)

14. Following a misconduct hearing held on April 10, 2013, Snider was found guilty of some of the misconducts and given five (5) days of Disciplinary Segregation. (Smith Depositions, Exhibits 10 & 11, Misconduct Report &

Related Documents, Defendants Response to Plaintiff's Request for Production of Documents, See Attachment 5)

15. There is no competent evidence of record, to include lay testimony or proposed expert testimony to show that:

   a. Snider's mental illness caused him to commit the acts for which he was disciplined;

   b. The CCCF's decision to discipline Snider was because of his mental illness;

   c. The discipline imposed on Snider had any effect on his mental health.

   d. Snider requested any accommodations from the CCCF in the disciplinary process or that any accommodations were warranted.

16. There is no competent evidence of record, to include lay testimony or proposed expert testimony to show that:

   e. Snider requested any accommodations from the CCCF in the practice of his religion, use of the law library or participation in misconduct hearings or that any accommodations were warranted;

   f. That the CCCF denied Snider any reasonable accommodations in the practice of his religion, use of the law library or participation in misconduct hearings.

g. That the CCCF excluded Snider from participation in any programs or denied him services as a result of his mental illness or otherwise.

LEE, GREEN & REITER, INC.

s/Joseph P. Green, Esquire
Joseph P. Green, Esquire
PA ID #19238
115 East High Street
PO Box 179
Bellefonte, PA  16823
814-355-4769
Email:  clenhart@lmgrlaw.com

Attorney for Defendants
Clinton County Correctional Facility

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Clinton County Correctional Facility's Statement of Material Facts in Support of Motion for Summary Jugment was served via ECF, on the 20th day of March, 2017 addressed to the following:

John A. Lucy, Esquire
Johnson, Duffie, Stewart & Weidner
301 Market Street
PO Box 109
Lemoyne, PA 17043-0109

Alexandra Morgan-Kurtz, Esquire
Pennsylvania Law Project
429 Forbes Avenue, Suite 800
Pittsburgh, PA 15219

s/Joseph P. Green
Joseph P. Green, Esquire