UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

Snider

v.

Corbett, et al.

**FILED**
**SCRANTON**

MAY 0 6 2019

PER _____
DEPUTY CLERK

: Civil No. 4:13-CV-1226

: (Judge Matthew Brann)

: (Chief Magistrate Susan Schwab)

:

: *Complaint filed May 3, 2013*

: JURY TRIAL DEMANDED

## PLAINTIFF'S MOTION FOR RELIEF FROM FINAL JUDGEMENT UNDER FED.R.CIV.P. 60

Honorable Court:

Plaintiff Joel Snider, pro se, respectfully moves this court for relief from the final order of Apr. 27, 2019, under Fed.R.Civ.P. 60 for the following reasons:

1. Mr. Snider has a mental health disability. During the time he needed to pursue his legal claims, he was incapacitated due to his disability. Mr. Snider respectfully submits that this court failed to make an inquiry under Fed.R.Civ.P. 17 and did not appoint a guardian ad litem to protect Mr. Snider or his legal interests. Consequently, Mr. Snider was unable to have any meaningful opportunity to pursue his claims.

1

2. Accordingly, Mr. Snider submits this court should not have reached the merits of any pleadings or matters in this case prior to the entry of appearance of Attorney Morgan-Kurtz.

3. Due to repeated and intense abuse and obstruction by prison officials during the time Mr. Snider needed to pursue his claims, he was impeded from any meaningful opportunity to pursue his claims.

4. During the time Mr. Snider needed to pursue his claims, he was completely unfamiliar with civil law, federal procedure, the claims which could be made under 42 U.S.C. §§ 1983, 1985, 12132 & 12203, and 29 U.S.C. § 794. He was completely unfamiliar with how to perform legal research. Consqueqently, Mr. Snider was impeded from any meaningful opportunity to pursue his claims.

5. During the time Mr. Snider needed to pursue his claims, prison officials blatantly refused to ensure his meaningful access to court, and attempted to cover-up his need for legal assistance. Consquequently, Mr. Snider was impeded from any meaningful opportunity to pursue his claims.

6. During the time Mr. Snider needed to pursue his claims, prison officials refused to make reasonable accommodations for his mental health disability and discriminated against him by reason of disability, including isolating him for long periods of time. Consquequently, Mr. Snider was impeded from any meaningful opportunity to pursue his claims.

7. Union County ("Union") and Warden Doug Shaffer, by and through their counsel Robin Read, Esq. fraudulently misrepresented to this court and to Mr. Snider that Warden Doug Shaffer was not personally involved in contracting with Snyder County Prison ("SCP"), Clinton County Correctional Facility ("CCCF"), and the Pennsylvania Dep't of Corrections ("PA DOC") to house Mr. Snider in their facilities while in Union's custody, that Warden Shaffer was not per-

2

sonally involved in arranging the transfers of Mr. Snider between those prisons, and that Warden Shaffer was not personally involved in the retaliatory transfer of Mr. Snider from CCCF to the PA DOC occurring on May 7, 2013.

8. Mr. Snider has obtained newly-discovered evidence showing Warden Shaffer was personally involved in the above mentioned activities. This evidence consists of emails written by Warden Shaffer and documents signed by Warden Shaffer when he petitioned the PA DOC for Mr. Snider's transfer and supported that petition with false documentation written by CCCF officials, etc.. This evidence was obtained by Mr. Snider on Feb. 13, 2019 and could not have been obtained by him prior to this, even with reasonable diligence. Notably, prior to obtaining this evidence on Feb. 13, 2019, the PA DOC claimed it did not exist.

9. Mr. Snider is grateful for the representation of Attorney Morgan-Kurtz and of Pennsylvania Institutional Law Project. He is grateful for the appointment of counsel provided by this court. Notwithstanding, Attorney Morgan-Kurtz chose which claims to pursue in this case after her entry of appearance. When Mr. Snider objected to the limited scope of her representation and explained the related claims he was attempting to pursue, she advised him that she would seek discovery about those claims and that upon obtaining evidence to support those claims that she would file a third amended complaint. She did not seek such evidence and never filed a third amended complaint. Consquegently, Mr. Snider was impeded from any meaningful opportunity to pursue his claims other than the claims Attorney Morgan-Kurtz chose to pursue.[1]

10. For the above reasons, and under the provisions of Fed.R.Civ.P. 60, Mr. Snider

---

[1] On July 17, 2018 Mr. Snider and CCCF defendants agreed to settle only the claims raised in the Second Amended Complaint (ECF No. 222) against them. This agreement did not include settlement of any other claims or preclude Mr. Snider from pursuing any claims other than those which were agreed to be settled on that day.

3

should be granted relief from the final judgement entered on Mar. 27, 2019 in this case, regard-
ing:

(a)  The dismissal (ECF No. 20) of the original complaint (ECF No. 1) and of
     the supplementary complaint (ECF Nos. 12-13);

(b)  The dismissal (ECF No. 65 & 72) of the motion (ECF No. 59) to preserve
     elements of the original complaint, and of Warden Doug Shaffer from the
     case:

(c)  The dismissal (ECF Nos. 141 & 174) of the motions (ECF Nos. 97-98 &
     110) for leave to amend and the proposed amendments (ECF Nos. 99, 103,
     110);

(d)  The dismissal (ECF No. 212) of the motion (ECF Nos. 182-183) for leave
     to amend along with the proposed amendments (Id), and of the motion to
     bifurcate the case (ECF Nos. 184-185);

(e)  The "dismissal"[2] of CCCF defendants for the retaliation claims in the First
     Amended Complaint, including the retaliatory transfer to PA DOC. These
     defendants and the claim were accepted by the court (ECF Nos. 62-66) and
     not actually dismissed by the court, but were not placed onto the Second
     Amended Complaint, by choice of Attorney Morgan-Kurtz.

11. According to M.D. LCvR 7.5, Mr. Snider will file a brief in support of this motion
within fourteen (14) days.


    WHEREFORE, Plaintiff Joel Snider respectfully moves this court to grant relef from
final judgement under Fed.R.Civ.P. 60.


Date: Apr. 24, 2019


                                        Joel Snider
                                        KZ8124
                                        PO Box 1000
                                        Houtzdale, PA 16698


4

## VERIFICATION

I certify that the matters alleged herein are true and correct to the best of my knowledge, information and belief, under penalty of perjury. Statements herein are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

Date: Apr. 24, 2019

Joel Snider

KZ8124

SCI - Houtzdale

PO Box 1000

Houtzdale, PA 16698

5

## CERTIFICATE OF SERVICE

I certify that on this day I caused to be served upon the persons below a true and correct copy of "Plaintiff's Motion For Relief From Final Judgement Under Fed.R.Civ.P. 60" via first class U.S. mail by placing it into the mailbox at SCI - Houtzdale. Postage will be deducted from my inmate account.

John Ninosky, Esq.
100 Corporate Ctr. Drive
Suite 201
Camp Hill, PA 17011

Robert Mix, Esq.
115 E. High Street
Lockdrawer 179
Bellefonte, PA 16823

I certify that the matters alleged herein are true and correct to the best of my knowledge, information and belief, under penalty of perjury. Statements herein are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

Date: Apr. 24, 2019

Joel Snider
KZ8124
SCI - Houtzdale
PO Box 1000
Houtzdale, PA 16698

## DECLARATION REGARDING FILING DATE

I certify that on this day I placed this "Plaintiff's Motion For Relief From Final Judgement Under Fed.R.Civ.P. 60" into the prison mailbox at SCI - Houtzdale to be mailed U.S. first class to the U.S. District Court for the Middle District of Pennsylvania. Postage will be deducted from my inmate account. According to Prisoner's Mailbox Rule, this document is to be considered "filed" on this day. See Houston v. Lack, 487 U.S. 266, 273-76 (1988); Commonwealth v. Castro, 766 A.2d 1259 (Pa. Super. 2001).

I certify that the matters alleged herein are true and correct to the best of my knowledge, information and belief, under penalty of perjury. Statements herein are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

Date: Apr. 24, 2019

Joel Snider
KZ8124
SCI - Houtzdale
PO Box 1000
Houtzdale, PA 16698

**DC-138A**

# CASH SLIP

HOU Mailroom

APR 2 5 2019

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

### 1. REQUISITIONING INMATE

| DOC NUMBER | NAME (PRINT) | MI #5 | LOCATION | DATE |
|---|---|---|---|---|
| K28124 | Joel Snider | | E849 | 4-24-19 |

### 2. ITEMS TO BE CHARGED TO MY ACCOUNT

Postage for State envelope:

Clerk of Court
U.S. District Court
Middle District - PA
PO Box 1148
Scranton, PA 18501

65
.50

### 3. INMATE'S SIGNATURE

### 4. OFFICIAL APPROVAL

Inmate Copy

### 5. BUSINESS OFFICE'S SPACE

| CHARGE ENTERED | DATE | BOOKKEEPER |
|---|---|---|
| $ | | |

**DC-138A**

# CASH SLIP

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

*(stamp)* HOU Mailroom APR 2 5 2019 MI #5

### 1. REQUISITIONING INMATE

| DOC NUMBER | NAME (PRINT) | LOCATION | DATE |
|---|---|---|---|
| KZ0124 | Joel Snider | E849 | 4-24-19 |

### 2. ITEMS TO BE CHARGED TO MY ACCOUNT

Postage for state envelope:

John Ninosky, Esq.
100 Corporate Ctr. Drive
Suite 201
Camp Hill, PA 17011

65
50
10

| 3. INMATE'S SIGNATURE | 4. OFFICIAL APPROVAL |
|---|---|
| | Inmate Copy |

### 5. BUSINESS OFFICE'S SPACE

| CHARGE ENTERED $ | DATE | BOOKKEEPER |
|---|---|---|
| | | |

**DC-138A**

# CASH SLIP

HOU Mailroom

APR 2 5 2019

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

### 1. REQUISITIONING INMATE MI #5

| DOC NUMBER | NAME (PRINT) | LOCATION | DATE |
|---|---|---|---|
| K20124 | Joel Snider | E849 | 4-24-19 |

### 2. ITEMS TO BE CHARGED TO MY ACCOUNT

Postage for State envelope:

Robert Mix, Esq.
115 E. High Street
Lock drawer 179
Bellefonte, PA 16823

65
150

| 3. INMATE'S SIGNATURE | 4. OFFICIAL APPROVAL |
|---|---|
| | Inmate Copy |

### 5. BUSINESS OFFICE'S SPACE

| CHARGE ENTERED $ | DATE | BOOKKEEPER |
|---|---|---|
| | | |

Joel Snider / KZ8124
SCI- Houtzdale
PO Box 1000
Houtzdale, PA 16698-1000

RECEIVED
SCRANTON

MAY 06 2019

PER _____ DEPUTY CLERK

Clerk of Court
U.S. District Cour
Middle District of f
PO Box 1148
Scranton, PA 185

/ egal mail